# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| MICHAEL B. SCOTT and LYNETTE G. SCOTT, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. _____ |
| AREL TRUCKING, INC. and OLIVERA PABLO, | ) ) JURY DEMAND ) ) |
| Defendants. | ) |

## COMPLAINT

The Plaintiffs, Michael B. Scott and Lynette G. Scott, by and through counsel, and for their Complaint against Defendants Arel Trucking, Inc. and Olivera Pablo (collectively "Defendants") state the following:

## PARTIES

1. This lawsuit concerns a vehicular collision occurring on April 4, 2022, when a tractor-trailer operated by Defendant Olivera Pablo, an employee or agent of Arel Trucking, Inc., struck Plaintiff Michael B. Scott's automobile from the rear.

2. The Plaintiffs, Michael B. Scott and Lynette G. Scott, are citizens and residents of Millstadt, Illinois. Plaintiffs are husband and wife.

3. Upon information and belief, Defendant Arel Trucking, Inc. (hereinafter "Arel Trucking") is a for-profit corporation organized in the state of Florida and transacting business in the state of Tennessee on the date at issue.

4. Arel Trucking can be served with a copy of the complaint and summons through its registered agent, David M. McDonald, Esq., 5600 NW 36th Street, Suite 100, Miami, Florida, 33166-9428.

5. Defendant Arel Trucking is registered with the U.S. Department of Transportation under DOT number 02089174 and MC number 728960.

6. Upon information and belief, Defendant Olivera Pablo is a resident of Miami, Miami-Dade County, Florida.

7. At the time of the matters set forth herein, Defendant Olivera Pablo was an employee and/or agent of Defendant Arel Trucking and was acting in the course and scope of his employment and/or agency with Defendant Arel Trucking.

8. Upon information and belief, the tractor-trailer driven by Defendant Olivera Pablo was owned and/or otherwise under the custody and control of Defendant Arel Trucking.

9. Defendant Arel Trucking is a "motor carrier" as defined by the Federal Motor Carrier Safety Regulations or "FMCSR", 49 C.F.R. § 390.5.

10. The provisions of the FMCSR, 49 C.F.R. § 301-399 are applicable to this case and Defendants Arel Trucking and Olivera Pablo were subject to and were required to obey these regulations at the time of the wreck and at all relevant times prior to the wreck.

## JURISDICTION AND VENUE

11. The claim arises out of a vehicular collision that occurred in Davidson County, Tennessee on April 4, 2022.

12. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to this claim occurred in this district, specifically in Davidson County, Tennessee.

## **FACTS**

14. On or about April 4, 2022, Plaintiff Michael B. Scott was driving a 2017 Mazda CX5 eastbound on interstate I-24, near mile marker 33, in Davidson County, Tennessee.

15. At or about the same time, Defendant Olivera Pablo was driving a 2016 Freightliner tractor-trailer owned by Defendant Arel Trucking eastbound on I-24, near mile marker 33, behind Plaintiff's vehicle.

16. At the time of the matters complained of herein, Defendant Olivera Pablo was transporting a load in excess of 26,001 pounds in the course and scope of his employment with Defendant Arel Trucking.

17. On April 4, 2022, the eastbound traffic on I-24 had reduced speed due to construction on the right side of the interstate.

18. Plaintiff and Defendant were both traveling in the far-left lane of the interstate.

19. While driving eastbound on I-24, Defendant Pablo negligently and recklessly failed to pay attention and failed to reduce speed when approaching the slowed traffic in front of him.

20. Defendant Pablo struck the rear end of a vehicle driven by Ms. Juanita Dunn and knocked her vehicle into the median of the interstate.

21. After that impact, Defendant Olivera Pablo continued down the interstate and struck Plaintiff's vehicle in the rear.

22. The impact of Defendant Olivera Pablo's tractor-trailer with Plaintiff's vehicle caused Plaintiff's vehicle to go off the interstate and into the median.

23. As a result of the collision, Plaintiff Michael B. Scott suffered serious injuries.

## WRONGS COMPLAINED OF THE DEFENDANT AREL TRUCKING

24. Pursuant to T.C.A. § 55-10-311, Defendant Arel Trucking, as owner of the tractor-trailer being driven by Defendant Olivera Pablo at the time of the wreck, is presumed, *prima facie*, to have permitted the vehicle to be operated with its authority at the time of the matters complained of herein and is presumed to have permitted the vehicle to be operated for the owner's use and benefit. By virtue of the presumption created by T.C.A. § 55-10-311, the vehicle owner is presumed to have liability under the doctrine of *respondeat superior*.

25. At the time of the matters complained of herein, Defendant Olivera Pablo was driving the tractor-trailer in the course and scope of his employment on behalf of the Defendant Arel Trucking. Thus, Defendant Arel Trucking is responsible for all harms and losses caused by Defendant Olivera Pablo.

26. Defendant Arel Trucking was negligent in the following further ways:

   a. Negligently hired and/or contracted with Defendant Olivera Pablo to drive the tractor-trailer at issue;

   b. Negligently trained Defendant Olivera Pablo in the inspection and/or maintenance of the tractor-trailer;

   c. Negligently failed to supervise Defendant Olivera Pablo's performance while he drove the tractor-trailer;

   d. Negligently failed to maintain the tractor-trailer at issue;

   e. Negligently failed to train Defendant Olivera Pablo to properly drive the tractor-trailer;

   f. Negligently entrusted Defendant Olivera Pablo with the tractor-trailer;

   g. Negligently retained Defendant Olivera Pablo to drive the tractor-trailer;

   h. Negligently failed to conduct proper and required checks on the background of Defendant Olivera Pablo;

  i. Negligently failed to exercise ordinary care to determine that their employees and agents, including Defendant Olivera Pablo, were fit for the task of driving a commercial vehicle interstate; and

  j. Negligently failed to equip the tractor-trailer with safety equipment that, if properly used, would have prevented this collision.

27. Defendant Arel Trucking had a duty to promulgate and enforce rules to ensure its drivers and vehicles were reasonably safe, and negligently failed to do so.

28. At all times relevant to this case, Defendant Arel Trucking was subject to the Federal Motor Carrier Safety Regulations (49 C.F.R. §§ 301-399), either directly or as adopted by the Tennessee Department of Transportation Safety Rules and Regulations § 1340-6-1-.08 and pursuant to Tenn. Code Ann. §§ 65-2-102 and 65-15-113. Defendant Arel Trucking and its employees and/or agents, including Defendant Olivera Pablo, were required to obey the FMCSR at the time of the wreck and at all relevant times prior to the wreck.

29. Defendant Arel Trucking was negligent *per se* by violating one or more of the Federal Motor Carrier Safety Regulations, including but not limited to:

  a. § 383 Commercial Driver's License Standards

  b. § 390 General

  c. § 391 Qualifications of Drivers

  d. § 392 Driving of Commercial Motor Vehicles

  e. § 393 Parts and Accessories Necessary for Safe Operation

  f. § 395 Hours of Service

  g. § 396 Inspections, Repairs, and Maintenances

30. Defendant Arel Trucking, through its employees and agents, knew or should have known by exercising reasonable care, about the risks set forth in this Complaint and that by exercising reasonable care these risks would be reduced or eliminated. These risks include but are not limited to:

   a. The risks associated with unsafe drivers;

   b. The risks associated with fatigued drivers;

   c. The risks associated with violations of the hours of service regulations;

   d. The risks associated with the violation of proper maintenance standards;

   e. The risks associated with failing to train drivers to obey the FMCSR;

   f. The risks associated with "blind spots" and lane changes on the interstate;

   g. The risks associated with failing to have adequate risk management policies and procedures in place;

   h. Failing to have policies and procedures in place to identify undertrained and unqualified drivers;

   i. Failing to identify from prior wrecks, similar to the one in question, a root cause and implement policies, procedures, protocols, and practices to effectively reduce or eliminate the risk prior to the wreck in question.

   j. Failing to appropriately implement and enforce risk management policies and procedures to identify, reduce, and eliminate the risks described above;

   k. Failing to appropriately implement and enforce risk management policies and procedures to monitor and assess Defendant Olivera Pablo once he was hired;

   l. Failing to implement and follow a written safety plan;

   m. Failing to protect the members of the public, such as the Plaintiff, from the risks described above; and

   n. Failing to use the composite knowledge reasonably available to Defendant Olivera Pablo to analyze the data available to it to identify the risk, take steps to reduce or eliminate the risk, and to protect members of the public from that risk.

31. Defendant Arel Trucking's acts and omissions were a direct, proximate, and legal cause of Plaintiff's serious and significant injuries.

**WRONGS COMPLAINED OF THE DEFENDANT OLIVERA PABLO**

32. Defendant Olivera Pablo was negligent in the following ways:

   a. Negligently failed to keep a proper lookout ahead in the direction in which he was traveling;

   b. Negligently failed to pay attention to what he was doing;

   c. Negligently failed to maintain the vehicle he was operating under due and reasonable control;

   d. Negligently failed to maintain a proper distance between his vehicle and the Plaintiff's vehicle and

   e. Negligently failed to exercise that degree of care which an ordinary, prudent and careful driver would have used under the same circumstances.

33. Defendant Olivera Pablo violated the following sections of T.C.A Title 55, Chapter 8, specifically referred to as "Operation of Vehicles – Rules of the Road": T.C.A. § 55-8-136(b), T.C.A. § 55-8-197, and T.C.A. § 55-10-205.

34. Defendant Olivera Pablo is guilty of negligence *per se* in that he violated T.C.A. § 55-8-136(b) by not maintaining a safe lookout, by failing to keep his tractor-trailer under proper control, and by failing to devote full time and attention to operating his tractor-trailer to avoid colliding with the Plaintiff's vehicle.

35. Defendant Olivera Pablo is guilty of negligence *per se* in that he violated T.C.A. § 55-8-197 by failing to exercise due care resulting in a wreck causing serious bodily injury.

36. Defendant Olivera Pablo violated T.C.A. § 55-10-205 by driving in willful and wanton disregard for the safety of persons and property.

37. Defendant Olivera Pablo's acts and omissions were a direct, proximate, and legal cause of Plaintiff's serious and significant injuries.

## DAMAGES

38. As a direct, proximate, and legal result of the negligence and/or recklessness of Defendants, Plaintiff Michael B. Scott suffered serious, significant bodily injuries and damages.

39. As a direct, proximate, and legal result of the negligence and/or recklessness of Defendants, Plaintiff Michael B. Scott has had to seek medical attention and incur medical expenses.

40. As a direct, proximate, and legal result of the negligence and/or recklessness of Defendants, Plaintiff Michael B. Scott has experienced pain and suffering, emotional distress, mental anguish, and loss of enjoyment of life, and will continue to experience the same in the future.

41. As a direct, proximate, and legal result of the negligence and/or recklessness of the Defendants, Plaintiff Lynette Scott lost services, society, consortium and companionship, of her husband, Plaintiff Michael B. Scott, and has become liable for numerous expenses for her husband's treatment.

## PRAYER FOR RELIEF

42. WHEREFORE, the Plaintiffs, Michael B. Scott and Lynette G. Scott, pray for judgment jointly and severally against Defendants Arel Trucking and Olivera Pablo in the sum of two million dollars ($2,000,000.00) together with costs herein expended, for pre- and post-judgment interest as provided by law, for punitive damages, and for any further relief this Court deems just and proper.

Respectfully submitted,

KINNARD LAW

/s/ Randall L. Kinnard
Randall L. Kinnard, #004714
Patrick Thurman, #022311
127 Woodmont Boulevard
Nashville, Tennessee 37205
(615) 297-1007
rkinnard@kinnardlaw.com
pthurman@kinnardlaw.com

*Attorneys for Plaintiffs*